



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. 0-1077
Re: You request an opinion as to
whether or not the State High-
way Commission can permit a
bidder on a State Highway pro-
ject to withdraw his bid and
the Commission is permitted
to return the deposit made as
guaranty on such bids.

We acknowledge receipt of your request for an opin-
ion based upon the following facts, to-wit:

That on December 1, 1938, bids were received, opened
and read on a highway project in Galveston County, Texas, and
that thereupon it was found that Messrs. Chadwick and Williams,
Contractors, were the low bidders by about $12,000.00. That
on December 2, 1938, Messrs. Chadwick and Williams informed
the State Highway Engineer that they wished to withdraw their
bid and requested a return of their bidder's deposit. That
later, as was the custom of the highway Department, the con-
tract was awarded to Messrs. Chadwick and Williams but that
they refused to execute the contract and bond and that there-
upon the Highway Department was forced to award the contract
to the next highest bidder.

We are requested to advise you if in fairness to
the state and the other bidders, the Highway Commission should
return the bidder's check to Messrs. Chadwick and Williams and
permit them to withdraw their bid under the circumstances out-
lined above.



For the purpose of this opinion we are rewording your request into the following questions:

1. Can the State Highway Commission permit a bidder to withdraw his bid on a highway construction project after the bid has been advertised for, received, opened and read, and the low bidder announced?

2. Can the Highway Commission return a bidder's deposit upon default of the bidder in executing the contract bid upon?

Article 6674-h provides that all contracts made by the State Highway Department for the improvement of any highway should be submitted to competitive bids. So far as we have been able to ascertain the courts have not construed this article but the intention of the Legislature, without doubt, was to accomplish the usual purpose of all such provisions of law, that is, the purpose of making this article read as it does was to preclude favoritism and prevent excessive expenditure of public funds and to prevent collusion between contractors and state officials.

Section 113, Chapter 18, of Donnelly's "The Law of Public Contracts" reads, in part, as follows:

"The object of letting public works to the lowest bidder after inviting public bids is to preclude favoritism and jobbing on the part of public officials in whom authority to make contracts is vested and to whom the supervision of the execution of contracts is entrusted."

It is seen that to permit a bidder to withdraw his bid would defeat the ultimate purpose of the law requiring competitive bids for the reason that to permit such would make it possible for all bidders to withdraw their bids and thereby make the highest bid the lowest bid.

As stated above, the rules promulgated by your department, as authorized by law, require a deposit with a bid of a certified check as a guaranty of the execution of the contract and bond. This check under the rules is liquidated damages for such failure.

It has been held in many other jurisdictions that where the statutes provide that the bidder on public works must make a deposit with his bid that the deposit cannot be returned after the bids have been opened and read. Wheaton Building Company v. Boston, 90 N. E. 598 and Baltimore v. J. L. Robinson Construction Company, 91 Atl. 682.

It is further held in the case of West Texas Compress and Warehouse Company v. Panhandle and Santa Fe Railway Company, 15 S. W. (2) 558, that a valid administrative order of a legal and duly constituted administrative body has the same force as a like enactment by the Legislature.

Therefore, the orders of the State Highway Commission requiring a deposit as a guaranty of the execution of the contract bid upon and the delivery of the bond has the same force and effect as a statute passed by the Legislature.

It is, therefore, the opinion of this department that the State Highway Commission cannot permit a bidder to withdraw his bid after the same has been received, opened and read; that the Highway Commission cannot return the bidder's deposit; but that the bidder is bound by the strict terms of his bid and the strict construction of the law and rules applicable.

You are further advised that on June 16, 1935, Honorable Curtis E. Hill, Assistant Attorney General, in a letter opinion to Honorable Gibb Gilchrist, State Highway Engineer, held as we have in this opinion and we concur in said opinion in all respects.

Trusting that this will answer your inquiry satisfactorily, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Richard H. Cocke
Assistant

APPROVED JUL 8, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN